UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KELLI LYNN COATES BACCARO
and BRIAN SCOTT BACCARO,

                Plaintiffs,

                -v-                            1:19-CV-1088

COLOPLAST CORP. and
COLOPLAST MANUFACTURING
US, LLC,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID N. HURD
United States District Judge

**ORDER REOPENING DISCOVERY AND ADJOURNING TRIAL**

On September 4, 2019, plaintiff Kelli Lynn Coates Baccaro ("Mrs. Baccaro"), along with her husband, plaintiff Brian Scott Baccaro ("Mr. Baccaro"), filed this products liability action against defendants Coloplast Corp. and Coloplast Manufacturing US, LLC ("Coloplast" or "defendants").

Coloplast designs and markets a vaginal mesh medical implant device called the Altis Single Incision Sling System ("Altis"). Broadly stated, Mr. and Mrs. Baccaro ("plaintiffs") allege that after Mrs. Baccaro's doctor implanted her with an Altis device, she experienced medical complications.

On December 21, 2020, following the completion of discovery, Coloplast moved for summary judgment on plaintiffs' claims and to preclude certain of plaintiffs' expert witnesses. Those motions were granted in part and denied in part on July 22, 2021. *Baccaro v. Coloplast Corp.*, 2021 WL 3089202 (N.D.N.Y.). As relevant here, plaintiffs' claims for (1) negligence; (3) gross negligence; (4) design defect; (8) punitive damages; and (9) loss of consortium remained for trial.[1]  *Id.*  The trial is currently slated to begin on Monday, November 14, 2022 in Utica, New York.

On October 11, 2022, Coloplast requested from the Court an Order reopening Mr. Baccaro's deposition based on new evidence they had obtained "that is directly relevant to [Mrs.] Baccaro's claims and to Mr. Baccaro's derivative loss of consortium claim." Dkt. No. 133-4 at 2.[2]

As Coloplast explains, they "learned via local news reports that Mr. and Mrs. Baccaro were involved in a domestic dispute in which Mr. Baccaro fired a shotgun and was subsequently arrested." Dkt. No. 133-4 at 2. According to defendants, Mrs. Baccaro has since "filed for divorce in Columbia County, New York." *Id.*

---

[1] Numbering of the counts corresponds to the nine-count operative pleading.

[2] Pagination corresponds to CM/ECF.

In Coloplast's view, "[t]hese developments in the relationship between Mr. and Mrs. Baccaro are directly relevant to [p]laintiffs' claims for loss of consortium, and allegations regarding an alleged affect [*sic*] on the marital relationship" as a result of Kelli's treatment with the Altis sling device.  Dkt. No. 133-4 at 2.

Plaintiffs have not responded to, or opposed, Coloplast's request to reopen the deposition of Mr. Baccaro.  Instead, on October 31, 2022, plaintiffs moved to further adjourn the trial based on, *inter alia*, the fact that their counsel were currently engaged in an ongoing products liability trial in the State of Missouri.  Dkt. No. 137.  Defendants do not oppose plaintiffs' request to adjourn.  Dkt. No. 138.

Upon consideration of defendants' memorandum of law and supporting exhibits in light of the governing law, it is

ORDERED that

1. Coloplast's motion to reopen discovery (Dkt. No. 133) is GRANTED;

2. Plaintiffs' motion to adjourn the trial (Dkt. No. 137) is GRANTED;

3. The Court DEFERS action on Coloplast's motion for reconsideration (Dkt. No. 127) as well as the parties' renewed motions *in limine* (Dkt. Nos. 129, 130);

4. Defendants shall be permitted an opportunity to conduct updated depositions of plaintiffs Kelli Lynn Coates Baccaro and Brian Scott Baccaro and seek additional document discovery that is limited to:

(a) the domestic incident described in defendants' moving papers, including Mr. Baccaro's arrest and the status of any criminal proceedings that may have been initiated against him;

(b) the divorce action; and

(c) the parties' current marital status, and how, if at all, the developments described in defendants' moving papers have impacted the parties' relationship;

5. The depositions of plaintiffs shall be held on or before November 30, 2022;

6. Any additional motion practice as a result of the reopened discovery shall be filed on or before December 15, 2022;

7. Any response shall be due on or before December 29, 2022;

8. A reply, if any, shall be due on or before January 6, 2023;

9. A final pre-trial conference and oral argument on any pending motions shall occur on Tuesday, February 7, 2023 at 1:00 p.m. in person in Utica, New York; and

10. The jury trial currently scheduled for Monday, November 14, 2022 is ADJOURNED to Monday, February 27, 2023.

The Clerk of the Court is directed to terminate defendants' motion for a pre-trial conference (Dkt. No. 135) as moot.

IT IS SO ORDERED.

Dated: November 2, 2022
       Utica, New York.

David N. Hurd
U.S. District Judge